**Opinion issued July 31, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00496-CV**

———————————

**MARY F. MASTERSON, Appellant**

**V.**

**SCI TEXAS FUNERAL SERVICES, LLC D/B/A EARTHMAN RESTHAVEN CEMETERY, Appellee**

———————————————————————————

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-01444**

———————————————————————————

**DISSENTING OPINION**

Appellant "Mary F. Masterson, as Executor of the Estate of John C. Masterson," has made it clear that her notice of appeal reflecting the same capacity was no mistake. Appellant's principal argument on appeal is that she has always

brought the claims in this suit in her capacity as executor on behalf of her father's estate, meaning the contracts "Mary F. Masterson" signed in her individual capacity with Appellee SCI Texas Funeral Services, LLC d/b/a Earthman Resthaven Cemetery, and which contain the subject arbitration provisions, are irrelevant.

In its briefing, SCI argued that Appellant filed this appeal in an improper capacity and requested that we dismiss the appeal for want of jurisdiction, further contending Appellant should not be afforded leave to amend her notice of appeal because it is clear she appealed precisely in the capacity in which she intended. In her reply brief, Appellant continued to assert that she has always brought this suit as the executor of her father's estate, did not express that she alternatively desires to appeal in her individual capacity, and did not request leave to amend the notice of appeal.

I agree with the majority's conclusions that Mary F. Masterson individually brought this suit and its claims. The Third Amended Petition—which attempted to modify the claims to be brought in Mary F. Masterson's capacity as executor of the estate and to avoid arbitration—was filed while Mary F. Masterson's claims were abated and the arbitration was proceeding. This filing was ineffective, if not for the abatement, at least because it was filed after the pleadings deadline. *See G.R. Auto Care v. NCI Group, Inc.*, No. 01-17-00068-CV, 2018 WL 4087295, at *11

2

(Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (mem. op.) (holding petitions filed after pleadings deadline were not part of record).

Because Appellant brought this appeal in the capacity of one not a party to this suit, I would stop our analysis there and dismiss the appeal for want of jurisdiction. *See Foreman v. Tex. Indep. Plaza, LLC*, No. 01-24-00274-CV, 2024 WL 4268025, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2024, pet. denied) (mem. op.) ("When a person who was not a party below files a notice of appeal, we lack subject-matter jurisdiction.").[1] Because the majority does not, I respectfully dissent.

Andrew Johnson<br>
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Justice Johnson, dissenting.

---

[1]  *See also McMahan v. Izen*, No. 01-20-00233-CV, 2021 WL 3919219, at *4 n.2 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, pet. denied) (mem. op.) (explaining court would not consider appellant's arguments challenging his liability in capacity as trustee because appellant did not file a notice of appeal in such capacity; "an individual acting in an official or representative capacity, such as a trustee, is, in law, a distinctly separate individual from the same person acting as an individual"); *Funmilayo v. Aresco, LP*, No. 05-20-00492-CV, 2021 WL 5578019, at *4 (Tex. App.—Dallas Nov. 30, 2021, no pet.) (mem. op.) (applying *McMahan*); *White v. White*, No. 12-11-00107-CV, 2012 WL 1744977, at *2–3 (Tex. App.—Tyler May 16, 2012, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction because judgment was entered against estate but appellant signed notice of appeal in individual capacity).